■ In the Matter of CHARLES LANE et al., Respondents, v TOWN OF OYSTER BAY et al., Appellants. [603 NYS2d 53] —In a proceeding pursuant to CPLR article 78 to set aside the result of a referendum conducted in the Town of Oyster Bay on August 21, 1990, which resulted in the extension of the Sanitation Collection District of the Town of Oyster Bay to an area in the hamlet of East Norwich, the appeal is from a judgment of the Supreme Court, Nassau County (Lockman, J.), entered December 21, 1990, which granted the petition and set aside the referendum result upon the ground that the Town of Oyster Bay failed to comply with Town Law § 209-e (3).

Ordered that the judgment is affirmed, without costs or disbursements.

On August 21, 1990 the Town of Oyster Bay conducted a permissive referendum on a proposition to extend the town's sanitation collection district into the hamlet of East Norwich. The proposition was passed by a majority of the voters from East Norwich. Town Law § 209-e (3) provides that a proposition to extend an improvement district into a new portion of a town "must be approved by the affirmative vote of a majority of the owners of taxable real property situate in the proposed * * * extended district as shown upon the latest completed assessment-roll of the town, voting on such proposition". Despite this provision, the referendum was not limited to qualified electors who owned taxable real property. Rather, nonlandowners also participated in the referendum. We find that the limitations on the franchise contained in Town Law § 209-e (3)

are constitutional insofar as they relate to the subject sanitation collection district and, thus, should have been complied with at the referendum. Since the votes cast by nonlandowners contaminated the election result, making it impossible to determine whether a majority of those properly entitled to vote approved the proposition, the result of the referendum was properly set aside.

It is well settled that the equal protection guarantee of the Fourteenth Amendment applies to the right to vote and generally places a heavy burden on the State to justify any departure from the one-person, one-vote principle *(see, Matter of Esler v Walters,* 56 NY2d 306; *Reynolds v Sims,* 377 US 533).* There is, however, a recognized exception to these principles when an election relates to a governmental body which performs a special limited function having a disproportionate effect on a definable segment of the community. In such a case, a statute limiting the right to vote to a specified group may be sustained unless the basis for the limitation is " ' "wholly irrelevant to achievement of the [statute's] objectives" ' " *(Matter of Esler v Walters, supra,* at 310-311, citing *Salyer Land Co. v Tulare Water Dist.,* 410 US 719, 730).

In contending that the restrictions contained in Town Law § 209-e (3) are unconstitutional, the appellants place much reliance on *Matter of Wright v Town Bd.* (41 AD2d 290, *affd* 33 NY2d 977). There, it was held that resident nonproperty owners could not be excluded from an election to create a water district because there was no demonstration that such persons were substantially less interested in the outcome of the election than the property owners authorized to vote by Town Law § 209-e (3). In resolving the case, the Appellate Division, Fourth Department, focused upon the fact that both people who owned property and people who did not had the same vital concern in the availability of good drinking water and sufficient water to run their homes and businesses. Furthermore, even though people who did not own real property did not pay for the improvements through real property taxes, they paid increased taxes through increases in rent and the prices of goods and services *(see, Matter of Wright v Town Bd., supra,* at 293).

We note, however, that in *Matter of Esler v Walters (supra),* the Court of Appeals subsequently reexamined and apparently overruled the rationale inherent in *Matter of Wright v Town Bd. (supra).* Pursuant to its reading of a more recent Supreme Court case *(i.e., Ball v James,* 451 US 355), the Court of Appeals held that the question was not whether those entitled

to vote by the restriction on the franchise were the only ones affected by the operations of a special public entity. Rather, the question was whether the effect on them was disproportionately greater than on those claiming an equal right to vote (*see, Matter of Esler v Walters, supra,* at 313; *Ball v James, supra,* at 371).

We find that the effects of the expansion of the sanitation collection district fall disproportionately greater on landowners in the proposed district than on those claiming an equal right to vote. Pursuant to the Town Law, once the sanitation collection district is established, the town board may provide for the collection of garbage in the district. The expenses of the construction and operation of the expansion are not assessed against all residents. Rather they are assessed against landowners whose property alone is subject to charges for the benefits conferred and is also subject to liens for delinquencies (*see,* Town Law § 202 [5]; § 198 [9] [b], [c]). This type of special burden has been found to demonstrate a disproportionate effect on resident landowners in a variety of controlling cases (*see, Salyer Land Co. v Tulare Water Dist., supra; Ball v James, supra; Matter of Esler v Walters,* 56 NY2d 306, *supra; cf., Matter of Wright v Town Bd.,* 41 AD2d 290, *affd* 33 NY2d 977, *supra),* and must be given the same weight in the present case.

We further note that the proposed district would not exercise general governmental authority or provide general public services such as housing, transportation, schools, or fire and police protection, or anything else of the type ordinarily financed by a municipal body (*see, e.g., Matter of Esler v Walters, supra,* at 312; *Salyer Land Co. v Tulare Water Dist., supra,* at 728-729). In light of these factors, the result of the referendum was properly annulled.

The parties' remaining contentions are either academic in light of our determination or without merit. Thompson, J. P., Lawrence, Santucci and Joy, JJ., concur. *[See,* 149 Misc 2d 237.]